1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9

Fernando Gastelum,

No. CV-18-00747-PHX-DJH

10

            Plaintiff,

**ORDER**

11

v.

12

VRE Holding II LLC,

13

            Defendant.

14

15

        This matter is before the Court upon its own review.  This case is one of twenty

16

cases[1] before the Court brought by Plaintiff against various hotels for alleged ADA

17

violations.[2]    Twenty-six motions are currently pending within these twenty cases.

18
19

[1] Fourteen of these cases are currently open, while six are closed and have pending motions for attorney fees.

20

[2] Cases assigned to this Court include the following: *Gastelum v. Vedanta Resources*

21

*LLC*, No. 17-cv-02623-PHX-DJH (D. Ariz. filed August 6, 2017); *Gastelum v. Metro*

22

*Hospitality LLC*, No. 17-cv-02704-PHX-DJH (D. Ariz. filed August 10, 2017); *Gastelum v. Summit Hotel OP Limited Partnership*, No. 17-cv-02888-PHX-DJH (D. Ariz. filed

23

August 27, 2017); *Gastelum v. H & A Group LLC*, No. 17-cv-03235-PHX-DJH (D. Ariz. filed September 19, 2017); *Gastelum v. MMP Deer Valley Incorporated*, No. 17-cv-

24

03534-PHX-DJH (D. Ariz. filed October 5, 2017); *Gastelum v. PCH North Phoenix LLC*,

25

No. 17-cv-03627-PHX-DJH (D. Ariz. filed October 10, 2017); *Gastelum v. SH Holdings LLC*, No. 17-cv-04081-PHX-DJH (D. Ariz. filed November 4, 2017); *Gastelum v.*

26

*Chandler & Kyrene Hotel Group LLC*, No. 17-cv-04089-PHX-DJH (D. Ariz. filed November 6, 2017); *Gastelum v. JC Hotel Management LLC*, No. 17-cv-04542-PHX-

27

DJH (D. Ariz. filed November 11, 2017); *Gastelum v. Midtown Hotel Group LLC*, No. 17-cv-04542-PHX-DJH (D. Ariz. filed December 7, 2017); *Gastelum v. Day & Sam*

28

*Incorporated*, No. 17-cv-04728-PHX-DJH (D. Ariz. filed December 21, 2017); *Gastelum*

Plaintiff has filed over 100 mirror-image cases in this District against hotels in the greater Phoenix area.  In one such case, Judge G. Murray Snow granted Defendant's motion to dismiss the case, holding that Gastelum failed to show an injury-in-fact or a likelihood of future injury, and therefore that he lacked Article III standing to bring the suit.  *See Gastelum v. Canyon Hospitality LLC*, No. 17-cv-02792-PHX-GMS (D. Ariz. filed August 18, 2017).  As part of that decision, Judge Snow dismissed eight other actions in which Gastelum was the Plaintiff on the basis of lack of Article III standing.  Gastelum has appealed that decision to the Ninth Circuit Court of Appeals.  *Gastelum v. Canyon Hospitality LLC*, No. 18-16032 (9th Cir. filed June 5, 2018).  For reasons stated herein, the Court, in its discretion, will stay all of these proceedings and will deny all of the pending motions without prejudice pending the outcome of the appeal that arose from the *Gastelum* decision by Judge G. Murray Snow.

## I.      Legal Authority

District courts have the inherent power to manage their dockets and stay proceedings.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Clinton v. Jones*, 520 U.S. 681, 706–707 (1997); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis*, 299 U.S. at 254.  The inherent power to stay includes ordering a stay "pending resolution of independent proceedings which bear upon

---

*v. Gurkripa Hotel Group LLC*, No. 18-cv-0943-PHX-DJH (D. Ariz. filed March 27, 2018); *Gastelum v. MCRT Tempe LLC*, No. 18-cv-01101-PHX-DJH (D. Ariz. filed April 11, 2018); *Gastelum v. Bel Aire Hospitality LLC*, No. 17-cv-03184-PHX-DJH (D. Ariz. filed September 14, 2017); *Gastelum v. Champion Hotel Investment of Phoenix LLC*, No. 17-cv-03834-PHX-DJH (D. Ariz. filed October 19, 2017); *Gastelum v. 3600 North Second Avenue Holdings LLC*, No. 17-cv-04379-PHX-DJH (D. Ariz. filed November 29, 2017); *Gastelum v. VRE Holding II LLC*, No. 18-cv-0747-PHX-DJH (D. Ariz. filed March 7, 2018); *Gastelum v. Drury Development Corporation*, No. 18-cv-01035-PHX-DJH (D. Ariz. filed April 3, 2018); *Gastelum v. 3XM LLC et al*, No. 18-cv-01725-PHX-DJH (D. Ariz. filed June 5, 2018); *Gastelum v. Gosai and Grandsons LLC*, No. 18-cv-01816-PHX-DJH (D. Ariz. filed June 11, 2018).

the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Where a stay is considered pending the resolution of another action, the court need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *See Landis*, 299 U.S. at 254. The Ninth Circuit has held that in determining whether a stay of a pending proceeding is appropriate based upon the existence of other similar proceedings, a district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay...." *Lockyer v. Mirant Corp.*, 398 F.3d at 1110. The competing interests to be considered are: the possible damage that may result from the granting of a stay; the hardship that the party seeking the stay may suffer by being required to go forward; and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

**II.    Analysis**

As an initial matter, all of the cases filed by Mr. Gastelum before this Court present the same boilerplate language, alleging nearly identical types of ADA violations, and concern the same Plaintiff. In addition to these actions being similar to each other, the actions before this Court are substantially similar in nature to those dismissed for lack of Article III standing by Judge Snow, and currently on appeal to the Ninth Circuit. *See Gastelum v. Canyon Hospitality LLC*, No. 17-cv-02792-PHX-GMS (D. Ariz. filed August 18, 2017). Therefore, the Court finds that the issues presented by all of the cases herein are substantially similar, and that a decision by the Ninth Circuit in the *Canyon Hospitality* case will directly impact whether the Plaintiff has standing in this Court. *See Landis*, 299 U.S. at 254. Having found that the matters in question are substantially similar, the Court will now turn to the factors laid out in the *Lockyer* decision.

The Court can see no damage to either party that will result from staying these proceedings. There is no urgency in deciding the present case, as Plaintiff is currently litigating an appeal in at least nine cases with substantially similar factual allegations. Moreover, the most compelling factor to consider in determining whether to stay these

proceedings is the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). The Court currently has twenty-six pending motions seeking a variety of forms of relief in these cases. The Court would expend significant judicial resources, and delay resolutions of other matters on the Court's docket, in deciding these pending motions. The Court finds it to be in the interest of efficiency and judicial economy to stay all of these matters pending the Ninth Circuit's decision in the *Canyon Hospitality* matter. The prospect—however uncertain—of the parties and Court engaging in costly litigation and expending of significant judicial resources, only to have the Ninth Circuit affirm the finding of lack of Article III standing, warrants a stay of all pending *Gastelum* proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that this proceeding is **STAYED** pending the appeal in *Gastelum v. Canyon Hospitality LLC*, No. 17-cv-02792-PHX-GMS (D. Ariz. filed August 18, 2017).

Dated this 14th day of June, 2018.

Honorable Diane J. Humetewa
United States District Judge